IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE: 11-06186 ESL |
| GILBERTO G. GARCIA GARCIA<br>MARIA T. NIEVES GONZALEZ | * | |
| DEBTOR | * | |
| NOEMI LANDRAU RIVERA, ESQ.<br>CHAPTER 7 TRUSTEE | * | CHAPTER 7 |
| PLAINTIFF | * | |
| VS. | * | |
| GILBERTO G. GARCIA GARCIA, MARIA T<br>NIEVES GONZALEZ; THE CONJUGAL<br>PARTNERSHIP COMPRISED BY THEM;<br>EMILIO CANCIO BELLO; JANE DOE; THE<br>CONJUGAL PARTNERSHIP COMPRISED BY<br>THEM | * | Adversary Proceeding:<br>13-00073 |
| DFENDANTS | * | |

* * * * * * * * * * * * * * * * *

# A N S W E R   T O   C O M P L A I N T

TO THE HONORABLE COURT:

COMES NOW EMILIO CANCIO BELLO, pro se and respectfully alleges and prays:

1. The Jurisdiction and Venue of This Honorable Court is accepted.

2. Paragraphs 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17 and 18, as well as paragraphs 19 thru 27 and paragraphs 36 thru 46 (except paragraph 42) of the complaint are accepted based on the provisions stated on Rule 11 (b) of The Civil Procedure Rules.

3. Paragraph Six (6) of the complaint is accepted.

4. The rest of the paragraphs, if any are denied.

5. Paragraph fifteen (15) is denied. The appearing attorney never received a letter sent by plaintiff on November 11, 2011. The subscribing attorney's office is located on the first floor of 1702 San Mateo Street since 2010 and not on the second floor, where said letter was apparently sent as expressed on said paragraph.

6. Paragraph 28 does not require an answer.

7. Paragraphs 29 thru 35, and 42 are denied. It is affirmatively alleged that defendants Gilberto G. Garcia Garcia and Maria T. Nieves Gonzalez contracted EMILIO CANCIO-BELLO, JR., C.S.P. to file a tort claim against COSTCO. They did not contracted the subscribing attorney, who is an employee of EMILIO CANCIO-BELLO, JR., C.S.P. Defendants never informed the subscribing attorney nor EMILIO CANCIO-BELLO, JR., C.S.P. that they had filed a petition for Bankruptcy before this Honorable Court. Neither the subscribing attorney nor EMILIO CANCIO-BELLO, JR., C.S.P. had knowledge of the Petition for bankruptcy filed by debtors. The amount of $9,745.95 was not paid to the subscribing attorney. It was paid to EMILIO CANCIO-BELLO, JR., C.S.P. with whom debtors had signed a professional services contract. If the subscribing attorney or EMILIO CANCIO-BELLO, JR., C.S.P. would have had knowledge of debtors filing a bankruptcy petition, they would

have requested permission from this Honorable Court to act as their attorney for the prosecution of the tort claim, as it has been previously done in other cases.

### Affirmative Defenses

1. Defendants Gilberto G. Garcia Garcia and Maria T. Nieves Gonzalez contracted EMILIO CANCIO-BELLO, JR., C.S.P. to file a tort claim against COSTCO.

2. Defendants did not contracted the subscribing attorney, to file a tort claim against COSTCO.

3. Emilio Cancio-Bello, jr. is an employee of EMILIO CANCIO-BELLO, JR., C.S.P.

4. Debtors never informed the subscribing attorney that they had filed a petition for Bankruptcy before this Honorable Court.

5. Debtors never informed EMILIO CANCIO-BELLO, JR., C.S.P. that they had filed a petition for Bankruptcy before this Honorable Court.

6. EMILIO CANCIO-BELLO, JR., C.S.P. assigned the handling of debtor's tort claim against COSTCO to the subscribing attorney.

7. The subscribing attorney had no knowledge of the Petition for bankruptcy filed by debtors.

8. EMILIO CANCIO-BELLO, JR., C.S.P. had no knowledge of the Petition for bankruptcy filed by debtors.

9. The amount of $9,745.95 was not paid to the subscribing attorney.

10. The amount of $9,745.95 was paid to EMILIO CANCIO-BELLO, JR., C.S.P. with whom debtors had signed a professional services contract to file a tort claim against COSTCO.

11. If the subscribing attorney or EMILIO CANCIO-BELLO, JR., C.S.P. would have had knowledge of debtors filing a bankruptcy petition, they would have requested permission from this Honorable Court to act as their attorney for the prosecution of the tort claim, as it has been previously done in other cases.

12. The appearing party has no legal obligation to return the amount of $9,745.95 paid to EMILIO CANCIO-BELLO, JR., C.S.P. by debtors, based on all the previously stated facts.

**IN VIEW OF ALL OF THE ABOVE STATED,** the appearing codefendant requests that judgment be entered dismissing the reference complaint against the appearing party with costs.

I HEREBY CERTIFY that on this date a copy of this motion was sent to attorney Josué Landrau to his postal address P.o. box 270219, San Juan, Puerto Rico 00927-0219.

In San Juan, Puerto Rico 13 day of JUNE, 2013.

**EMILIO CANCIO-BELLO, JR.**
USDCPR 203409
Calle San Mateo # 1702
Santurce, Puerto Rico 00912
Telephone: 728-0770
Fax      : 268-3297
e mail   : ecancio_bello@yahoo.com